Alexa C. Lunsford
acl@kctlaw.us
SBN: 24116698
Law Office of Keith C. Thompson
11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: (806)783-8322
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **ERIK SALAIZ, individually, and** <br> **on behalf of all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br><br> **CLUTCH HEALTH LLC, a Georgia Limited Liability Company,** <br> **REUBEN BUCKAREFF, Individually,** <br> **CLUTCH HEALTH HOLDINGS, LLC,** <br> **and CLUTCH HEALTH PHARMACY, LLC** <br>          **Defendants.** | Civil Action No.: 3:24-CV-00077-KC <br><br><br><br> **JOINT REPORT OF PARTIES' PLANNING CONFERENCE** |

*Parties*:
1. Erik Salaiz – Plaintiff
2. Clutch Health, LLC – Defendant
3. Reuben Buckareff, Individually – Defendant
4. Clutch Health Holdings, LLC – Defendant
5. Clutch Health Pharmacy, LLC – Defendant

*Date Complaint Filed*: March 7, 2024

*Date Complaint Served*:
1. Clutch Health, LLC – May 7, 2025
2. Reuben Buckareff, Individually – May 7, 2025
3. Clutch Health Holdings, LLC –
    a. Request for Waiver of Summons sent on May 7, 2025
    b. Waiver of Summons Returned Executed June 7, 2025
4. Clutch Health Pharmacy, LLC –

   a. Request for Waiver of Summons sent on May 7, 2025
   b. Waiver of Summons Returned Executed June 7, 2025

*Date of Defendant's Appearance*:
1. Clutch Health, LLC – August 19, 2024
2. Reuben Buckareff, Individually – May 7, 2025
3. Clutch Health Holdings, LLC –
   a. Initial Responsive Pleading Due July 7, 2025
4. Clutch Health Pharmacy, LLC –
   a. Initial Responsive Pleading Due July 7, 2025

## JOINT REPORT

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on June 10, 2025. The Participants were Mark Javitch, Counsel for Plaintiff, and Alexa Lunsford, Counsel for all Defendants.

I.   Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   Jurisdiction

   A.   Subject Matter Jurisdiction

This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c), which is a federal statute.

   B.   Personal Jurisdiction

This Court has personal jurisdiction over Erik Salaiz because he is a resident of the State of Texas and resides within the El Paso District.

This Court has personal jurisdiction over Clutch Health, LLC because it conducts business in the State of Texas and because the alleged events giving rise to this lawsuit occurred in the El Paso District.

Reuben Buckareff has filed a Motion to Dismiss for lack of personal jurisdiction because he is not a resident of the state of Texas and does not conduct business here in his personal capacity.

Clutch Health Holdings, LLC and Clutch Health Pharmacy, LLC will file their initial responsive pleadings on or before July 7, 2025. Clutch Health Holdings, LLC and Clutch Health Pharmacy, LLC are analyzing whether the Court has personal jurisdiction over them.

II.   Brief Description of Case

    A.   Plaintiff has brought claims, individually and on behalf of an alleged putative class, complaining of Violation of the Telephone Consumer Protection Act ("TCPA") against Reuben Buckareff, Clutch Health, LLC, Clutch Health Holdings, LLC, and Clutch Health Pharmacy, LLC.

    B.   Clutch Health, LLC filed its Original Answer on May 28, 2025. Clutch Health, LLC will file an objection to class certification within the deadline set out below. Clutch Health, LLC denies violating the TCPA and denies engaging in a pattern of violations of the TCPA.

    Reuben Buckareff has challenged this Court's personal jurisdiction over him because he is not a Texas resident and does not conduct business here in his individual capacity. In his declaration attached to his motion, Buckareff has further denied any direct control over the telemarketing activities of any of the Clutch entities. Plaintiff alleges that Buckareff directed and personally participated in the illegal telemarketing at issue in this case.

    Clutch Health Holdings, LLC and Clutch Health Pharmacy, LLC will file their initial responsive pleadings on or before July 7, 2025. Clutch Health Holdings, LLC and Clutch Health Pharmacy, LLC are analyzing whether the Court has personal jurisdiction over them.

IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Clutch Health is a healthcare technology company that was administratively dissolved in August 2024. Reuben Buckareff is Clutch's founder and CEO.

Plaintiff ERIK SALAIZ is a natural person residing in El Paso, Texas.

Defendant Clutch Health LLC is a dissolved entity formerly organized and existing under the laws of the state of Georgia with its principal place of business at 438 Porsche Ave, Atlanta, GA 30354.

Defendant Reuben Buckareff is an individual residing in Fulton County, Georgia. Mr. Buckareff is founder and CEO of Clutch.

Defendant Clutch Health Pharmacy LLC is organized and existing under the state of Florida.

Defendant Clutch Health Holdings LLC is organized and existing under the state of Florida.

V. <u>Case Management Plan</u>

    A. Standing Order on Pretrial Deadlines

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as follows.

    B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

    C. Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, but may be enhanced after engaging in discovery practice.

    D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until **September 10, 2025** to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until **October 8, 2025** to file motions to join additional parties to file a response to any amended complaint.

    E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects:

    (i)  Whether the putative class may be certified;
    (ii)  Whether Defendants obtained consent;
    (iii)  Whether Defendants texted Plaintiff; and
    (iv)  Plaintiff's evidentiary basis for the factual allegations made in his Second Amended Petition.

2. All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by **June 10, 2025**, and completed (not propounded) by **June 5, 2026**.

3. Initial disclosures under Rule 26(a)(1) will be due **June 14, 2025** for Erik Salaiz and Clutch Health, LLC.

   If Reuben Buckareff's Motion to Dismiss is denied, his initial disclosures will be due 14 days after the Court signs the order to deny the motion, on the same day his answer will be due per rule 12(a)(4).

   If Clutch Health Holdings, LLC and Clutch Health Pharmacy, LLC file motions to dismiss under Rule 12, which is later denied, their initial disclosures will be due 14 days after the Court signs the order to deny the motion, on the same day their answers will be due per rule 12(a)(4).

   If Clutch Health Holdings, LLC and Clutch Health Pharmacy, LLC file an original answer as their first responsive pleadings, their initial disclosures will be due **July 7, 2025**.

4. Discovery will not be conducted in phases.

5. The parties anticipate that Plaintiff(s) will require a total of 1 to 5 depositions of fact witnesses and that Defendant(s) will require a total of 1 to 5 depositions of fact witnesses, if the class is not certified.

6. The parties recognize the possibility that evidence found in discovery may raise the need to request additional interrogatories. However, the parties do not currently request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by **March 5, 2026**. Depositions of any such experts will be completed by [a date not later than 2 months before the deadline for completing all discovery].

8. Defendant(s) intend to call expert witnesses at trial. Defendant(s) will designate all trial experts and provide opposing counsel with reports from retained experts

pursuant to Federal Rule of Civil Procedure 26(a)(2) by **May 5, 2026**. Depositions of such experts will be completed by **June 5, 2026**.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **March 5, 2026**.

G. Dispositive Motions:

Dispositive motions will be filed on or before **July 3, 2026**.

VI. Trial Readiness

The case will be ready for trial by **September 1, 2026**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

Dated: June 12, 2025

Respectfully submitted,

THE LAW OFFICE OF KEITH C. THOMPSON, P.C.
11003 Quaker Avenue
Lubbock, Texas 79424
acl@kctlaw.us
(806) 783-8322 (Telephone)
(806) 783-8357 (Telecopier)
SBN: 24116698

*/s/ Alexa C. Lunsford*
Alexa C. Lunsford
Attorney for Defendants

By: */s/ Mark L. Javitch*
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
Attorneys for Plaintiff and the Putative Class

**CERTIFICATE OF SERVICE**

      I, Mark L. Javitch, hereby certify that on June 12, 2025, I filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I further served the foregoing document, together with all attachments, on all parties of record.

_/s/ Mark L. Javitch_
By:
